# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br> Plaintiff, <br><br> v. <br><br> MEK CHEMICAL CORPORATION, <br><br> Defendant. | Civil Action No. <br><br> *Electronically Filed* |

Plaintiff Honeywell International Inc., (hereinafter referred to as "Honeywell") by and through counsel, for its Complaint against Defendant MEK Chemical Corp. (hereinafter referred to as "MEK Chemical") alleges on knowledge as to its actions, and upon knowledge and information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Honeywell International Inc., a Delaware corporation with its principal place of business in Morris Plains, New Jersey, is a leader in the development of innovative technologies including technologies related to blowing agents for insulation applications, and is the owner by assignment of patents covering innovative technologies related to these products. These technologies represent significant advances in the field of polymer foam insulation resulting in decreased utility costs and are environmentally friendlier than prior generation products.

2. Defendant MEK Chemical is an Illinois corporation and is headquartered at 1675 Hinterlong Lane, Naperville, Illinois 60563. MEK Chemical imports, sells, and/or offers for sale chemicals and related products in the United States.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under § 271.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over MEK Chemical under the provisions of the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.042, and consistent with the underlying due process principles of the U.S. Constitution. On information and belief, MEK Chemical is doing business in Texas, has offered for sale and sold products in Texas that are used in an infringing manner, and has purposely imported or caused to be imported such products into Texas. Upon information and belief, MEK Chemical has significant contacts in Texas and has built established distribution channels in Texas.  Moreover, MEK Chemical maintains a facility at 1312 W. Crosby Road, Carrollton, TX 75006 ("Dallas facility").  On information and belief, the infringing products were imported into Texas and stored at, and sold and shipped from, the Dallas facility.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

## HONEYWELL'S INNOVATIONS IN CHEMICAL BLOWING AGENTS AND PROPELLANTS

7. Due to concerns regarding the environmental impact of chlorofluorocarbons (CFCs) and hydrochlorofluorocarbons (HCFCs), those products have been phased out in the United States. By contrast, hydrofluorocarbons (HFCs) do not deplete the ozone layer, and have therefore become popular substitutes for CFCs and HCFCs. Honeywell has expended tremendous resources researching and developing viable processes for manufacturing using HFCs. HFCs are often used as heat transfer agents (*i.e.*, refrigerants), propellants and blowing agents.

8. Blowing agents are used in the manufacture of foam materials such as foam insulation materials for use in applications such as building construction. In use, blowing agents

are combined with other ingredients, such as surfactants, flame retardants, colorants, catalysts, and the reactants that ultimately react to form the foam polymer insulation.

9. Preferred blowing agents are materials with a low, constant boiling point, preferably at or near room temperature, which expand with heat, and which have little to no flammability. Blowing agents also preferably are soluble in the ingredients used to make the foam polymer, but are not soluble in the polymer once formed.

10. Honeywell manufactures and markets the HFC 1,1,1,3,3-pentafluoropropane, commonly known as HFC-245fa, which has no ozone depletion potential. HFC-245fa is used primarily as a blowing agent for the production of thermal insulation foams, including building insulation such as rigid polyurethane and polyisocyanurate foams. Honeywell is the largest supplier of HFC-245fa in the world.

11. Honeywell has expended significant resources and made substantial investments in research and development directed toward applications and uses for HFCs, and HFC-245fa specifically, as blowing agents. A portfolio of patents was developed to protect that investment, including the patent asserted here.

## U.S. PATENT NO. 6,514,928

12. On February 4, 2003, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,514,928 entitled "Azeotrope-Like Compositions of Pentafluoropropane and Water" (hereinafter referred to as "the '928 Patent"), which is directed to novel compositions utilizing HFC-245fa as a blowing agent. In particular, the '928 Patent is directed to certain combinations of HFC-245fa with water, which having azeotrope-like characteristics and are particularly useful in the manufacture of foam insulation products.

13. Honeywell is the lawful owner of all right, title, and interest in and to the '928 Patent, including the right to sue for and recover for infringement thereof. The term of the

'928 Patent has not expired. A true and correct copy of the '928 Patent is attached hereto as Exhibit A.

## MEK'S KNOWLEDGE OF THE '928 PATENT

14. On May 18 and July 28, 2016, Honeywell sent correspondence to MEK Chemical, providing notice of its portfolio of patents directed to HFC-245fa and applications for uses of HFC-245fa, and expressing concerns that the HFC-245fa products that MEK Chemical was importing, offering for sale and selling fell within the scope of Honeywell's patents. Specifically included in Honeywell's May correspondence was identification of the '928 patent.

15. On November 17, 2016, Honeywell received correspondence from MEK, confirming receipt of Honeywell's correspondence, and describing conversations with Honeywell during which Honeywell provided information to MEK Chemical regarding particular areas of concern with respect to processed for manufacture, and uses of, HFC-245fa.

16. On December 16, 2016, Honeywell filed a complaint against MEK Chemical, in the U.S. District Court for the District of New Jersey, for infringement of another of Honeywell's patents related to HFC-245fa, namely U.S. Patent No. 5,902,912, titled "Process for Preparing Hydrofluorocarbons" ("the 912 Patent"). On May 24, 2017, Honeywell voluntarily dismissed its complaint in the U.S. District Court for the District of New Jersey and immediately re-filed that complaint in this Court as Civil Action No.. 3:17cv01390-N.

17. On March 7, 2017, Honeywell again wrote to MEK Chemical regarding its concern that MEK Chemical may be infringing Honeywell patents related to applications for the use of HFC-245fa. That correspondence identified four (4) specific patents that Honeywell believed MEK Chemical may be infringing. The first such patent identified was the '928 Patent. In that letter, Honeywell advised MEK Chemical that

"MEK may be … an indirect infringer (through induced infringement or contributory infringement) if its customers are so using HFC-245fa obtained from MEK."

**CLAIM I – INFRINGEMENT OF U.S. PATENT NO. 6,514,928**

18. The allegations contained in Paragraphs 1 through 17 above are incorporated herein by reference.

19. Upon information and belief, MEK Chemical has offered to sell, sold, and/or imported into the United States hydrofluorocarbon products, including at least 1, 1, 1, 3, 3-pentafluoropropane, known in the industry as HFC-245fa, and its products identified as CG-422 and MK422, and continues to do so, all without authority from the patent holder, Honeywell.

20. MEK Chemical has known about Honeywell's technology and has known that Honeywell's technology is patented since at least as early as May 18, 2016, which is the date on which Honeywell sent correspondence to MEK Chemical. In correspondence to Honeywell dated November 17, 2016, MEK Chemical confirmed its receipt of that correspondence.  On March 7, 2017, Honeywell specifically identified the '928 Patent as a patent MEK Chemical may be indirectly infringing through inducement of infringement and/or contributory infringement.

21. On information and belief, MEK Chemical is a United States wholesale distributor that imports into the United States, offers to sell, and sells, within the United States, HFC-245fa to at least one customer, namely, Rhino Linings Corporation, who on information and belief uses the HFC-245fa to manufacture, use, sell and offer for sale spray polyurethane foam insulation that incorporates blowing agents that include azeotrope-like compositions consisting essentially of from about 1 to about 35 weight percent water and from about 99 to about 65 weight percent HFC-245fa, and which have a boiling point of 14° C ±2, or an equivalent thereof.

22. On information and belief, MEK Chemical supplies the HFC-245fa with knowledge that its customers, including at least Rhino Linings Corporation, make, use, offer for sale and sell azeotrope-like compositions of that HFC-245fa and water in a manner that infringes the '928 Patent, and MEK actively induces its customers, including at least Rhino Linings Corporation, to make, use, offer for sale and sell azeotrope-like compositions of that HFC-245fa with water in a manner that infringes the '928 Patent.

23. Upon information and belief, the HFC-245fa imported, offered for sale and sold by MEK Chemical constitutes a material part of the infringing azeotrope-like compositions of HFC-245fa and water made, used, sold and offered for sale by MEK Chemical's customers, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

24. Upon information and belief, by actively inducing its customers to make, use, sell and offer for sale azeotrope-like compositions of HFC-245fa and water in a manner that infringes the '928 Patent, and by contributing to infringement by its customers, MEK Chemical has indirectly infringed the '928 Patent within the prohibitions of at least 35 U.S.C. §§ 271(b) and 271(c), and continues to do so.

25. Upon information and belief, MEK Chemical's infringement of the '928 Patent has been willful, egregious, and deliberate, and the infringement was either known to MEK Chemical or so obvious that it should have been known to MEK Chemical that its actions constitute infringement of the '928 Patent.

26. Honeywell has been and will continue to be damaged and irreparably injured unless this Court enjoins MEK Chemical's infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Honeywell respectfully seeks that the Court grant the following relief:

1. Enter judgment for Honeywell against MEK Chemical for infringement of the '928 Patent;

2. Permanently enjoin MEK Chemical, its officers, directors, principals, agents, sales representatives, servants, employees, successors, assigns, affiliates, subsidiaries and all those acting in concert or participation with them, from directly or indirectly infringing, inducing infringement or contributing to the infringement of any claim of the '928 Patent pursuant to 35 U.S.C. § 283;

3. Enter judgment in favor of Honeywell and against MEK Chemical for an amount that will adequately compensate it for MEK Chemical's infringement, but under no circumstances an amount less than a reasonable royalty for each of MEK Chemical's importation, sale, offer for sale and use of Honeywell's patented invention;

4. Enter judgment in favor of Honeywell and against MEK Chemical for pre-judgment interest and post-judgment interest on all damages awarded;

5. Enter judgment in favor of Honeywell and against MEK Chemical for three times the amount of damages pursuant to 35 U.S.C. § 284 because of MEK Chemical's willful infringement;

6. Enter judgment in favor of Honeywell and against MEK Chemical for Honeywell's attorneys' fees and costs pursuant to 35 U.S.C. § 285;

7. Enter judgment in favor of Honeywell and against MEK Chemical for Honeywell's costs of suit; and

8. Enter such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Honeywell respectfully requests a trial by jury on all the issues triable thereby pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this action.

Dated: June 23, 2017

*/s/ Michael J. Newton*
Michael J. Newton (Texas Bar No. 24003844)
mike.newton@alston.com
Derek Neilson (Texas Bar No. 24072255)
derek.neilson@alston.com
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201-2139
(214) 922-3400 (telephone)
(214) 922-3899 (facsimile)